CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

MAY 21 2010

JOHN F. CORCORAN, CLERK
BY: /s/
    DEPUTY CLERK

UNITED STATES FEDERAL DISTRICT COURT

CHARLOTTESVILLE, VA 22902

| | |
|---|---|
| NANA TCHIENKOU ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Complaint for Emergency Injunctive and |
| Net Trust Mortgage, a Florida LLC; ) | Declaratory Relief and Stay Foreclosure Sale |
| Aurora Loans, ) | |
| Green Tree Servicing, LLC ) | 3:10CV00023 |
| U.S. Bank National Association; jointly ) | |
| and severally ) | |
| ) | |
| Defendants. ) | |

Plaintiffs sue Defendants for emergency injunctive and declaratory relief and to stay an imminent foreclosure sale, and state:

A. **Parties and Jurisdiction**

1. Plaintiff is and was at all times material hereto *sui juris* citizens and resident of Charlottesville, Virginia and over the age of eighteen

2. Defendants: U.S. Bank National Association is and was, at all material times hereto, a foreign corporation whose corporate domicile and alleged authority to do business in the State of Virginia is unknown. ~~Defendant~~ *Plaintiff* NANA TCHIENKOU is a resident of Charlottesville, VA and resides in the property.

3. Defendant GREEN TREE SERVICING ("Green Tree") is the alleged "Servicer" of the loan and purported agent for Defendant U.S. Bank Association connection with a non-judicial foreclosure

proceeding as to the Property. On information and belief, Defendant Green Tree has no legal interest in either the mortgage or the Note the subject of this action.

4. Defendant NET TRUST MORTGAGE ("Net trust") is the alleged "mortgage broker" of the loan and purported agent for Defendant AURORA Loan Services connection with a non-judicial foreclosure proceeding as to the Property. On information and belief, Defendant Net Trust has no legal interest in either the mortgage or the Note the subject of this action.

5. Defendant AURORA Loan Services ("Originator") is the alleged "originator" of the loan and purported Seller for Defendant U.S. Bank Association in connection with a non-judicial foreclosure proceeding as to the Property. On information and belief, Defendant Net Trust has no legal interest in either the mortgage or the Note the subject of this action.

6.

B. Background Material Facts

A.
1. Defendant U.S. Bank Association, through its agent Defendant Green Tree, instituted a non-judicial foreclosure proceeding to foreclose on a mortgage as to the Property which mortgage was originally issued by Aurora Loans, a foreign corporation organized

under the laws of an unknown State was also the originating "lender" on the Note.

2. Defendant U.S. Bank Association has taken the unverified position, through its counsel, that Aurora loans previously assigned the mortgage issued by Aurora loans as to the Property to Defendant U.S. Bank Association.

3. However, no such Assignment has ever been produced to the Plaintiffs, and Defendant U.S. Bank Association has failed to prove or even take the position that it is the holder of all rights under the Note, which is the instrument of indebtedness which would permit the legal holder thereof to declare a default which would trigger a foreclosure.

4. Further, Defendant U.S. Bank Association, as alleged "Trustee" for unnamed "Certificateholders" of a series of mortgage-backed securities, has failed to demonstrate that it, and not the Certificateholders, is the party with the true ownership interest in the Mortgage the subject of this action, or that the Certificateholders have acceded or legally assigned their rights to and under the subject Mortgage to Defendant U.S. Bank Association, specifically the right to seek a foreclosure.

5. As such, Defendant U.S. Bank Association has not demonstrated that it has suffered an actual or threatened injury as a consequence of any default, which distinct and palpable injury is legally required

under applicable Virginia law in order for Defendant U.S. Bank Association to satisfy the legal prerequisite to prove that it has a sufficient personal stake in and legal standing to institute the foreclosure on the Property.

Further, there is a cloud on the title to the Property which Defendant U.S. Bank Association has failed to extinguish as it has chosen to institute a non-judicial foreclosure. The cloud arises out complaints from plaintiff about mortgage fraud committed by AURORA loans during underwriting and closing. Instead of dealing with the problem, AURORO Loans allegedly sold the rights to a third party. Defendant U.S. Bank Association by its action, is attempting to unjustly benefit and retain the fruits of a bargain obtained by misrepresentation. The subject action seeks to foreclose on the same Property which is the subject of the mortgage originally issued by party Aurora Loan Services herein through fraud and deceit, in blatant violation in the Truth in Lending Act (TILA). Defendant Net Trust Mortgage offer plaintiff a good faith estimate with an interest rate of 6.75% but at closing, they presented they presented plaintiff with a 9.6% interest rate. Interestingly enough, both documents appeared to have been created on the same day but defendant kept the higher interest rate hidden until closing. At all times material, Defendants Net Trust Mortgage & Aurora Loans knew that they would ambush plaintiff at closing.

6. Defendant U.S. Bank Association, through its counsel, has notified Plaintiffs that the foreclosure sale on the Property has been scheduled to take place on June 11, 2010 .

7. On May 21, 2010, Plaintiffs, forwarded a letter to counsel for Defendant U.S. Bank Association setting forth the facts above with a request that the June 11, 2010 foreclosure sale be cancelled.

8. No response to the subject request has been received as of the date of this Complaint.

9. This Complaint is thus being timely filed in accordance with applicable law to challenge the foreclosure prior to the issuance of any Certificate of Title following sale.

As a severance of the ownership and possession of the original Note and Mortgage has occurred and as the true owner and holder of both the original Note and Mortgage are unknown as a result of one or more alleged assignments and the parsed sale of certain rights under the Note in part to at least one third party (U.S. Banking Association), Defendant U.S. Banking Association or Green Tree servicing is legally precluded from foreclosing on the Property unless and until it can demonstrate full legal standing to do so.

# COUNT I: EMERGENCY TEMPORARY AND PERMANENT INJUNCTIVE RELIEF

A.
  1. Plaintiffs reaffirm and reallege paragraphs 1 through 14

Here-in above as if set forth more fully herein below.

1.0) This is an action for emergency temporary and permanent injunctive relief which is brought pursuant to applicable law.

2.0) Plaintiffs have a clear legal right to seek temporary and permanent injunctive relief as Plaintiffs reside in the Property and as Defendant U.S. Association is seeking, without satisfying the necessary legal standing requirements to institute a foreclosure, to take possession, custody, and control of the Property and ultimately remove the Plaintiffs from their home.

3.0) Plaintiffs have no adequate remedy at law to redress the harm complained of, and the sale of the Plaintiffs' property, under the circumstances of record, is contrary to equity and good conscience in that such sale is being instituted by parties who have no legal standing to institute or maintain the foreclosure *ab initio*.

4.0) The specific facts set forth in this Complaint demonstrate that unless an emergency temporary injunction against the foreclosure sale set for June 11, 2010 is not granted that Plaintiffs will suffer the irreparable injury, loss, and damage of the loss of their home and eviction therefrom.

5.0) Under the circumstances where the foreclosure sale is set for less than twenty one (21) calendar days (which include a Saturday and Sunday) from the date of the filing of this Complaint, the irreparable loss to the Plaintiffs will result if the emergency relief requested herein is not granted immediately.

6.) As Defendant U.S. Banking Association has no legal standing to institute or maintain a foreclosure of the Property, there is no harm to said Defendant with the granting of the requested relief, and any claimed harm is substantially outweighed by the irreparable harm to the Plaintiffs if the relief requested herein is not granted.

7.0) The granting of the relief requested herein is in the public interest, as the consuming public, including Plaintiffs, will continue to be harmed by the illegal and unlawful conduct of the Defendant U.S. Bank Association the relief requested herein is not granted.

8) Under the circumstances where there is no harm to Defendant U.S. Bank Association with the granting of the requested relief, no bond should be required as a prerequisite to the granting of the relief requested herein as there are no costs or other damages which could be contemplated on the part of Defendant U.S. Bank Association with the granting of the requested relief for which a bond would otherwise be necessary.

WHEREFORE, Plaintiffs respectfully request that this Court immediately take jurisdiction of this matter and enter an Order granting temporary and permanent injunctive relief expressly precluding and cancelling the foreclosure sale presently scheduled for June 11, 2010 for the reasons set forth herein, and for any other and further relief which is just and proper.

# COUNT II: DECLARATORY RELIEF

9.) Plaintiffs reaffirm and reallege paragraphs 1 through 14 hereinabove as if set forth more fully hereinbelow.

10) This is an action for declaratory relief which is being brought pursuant to applicable law to declare that Defendant U.S. Bank Association has no legal or equitable rights in the Note or Mortgage for purposes of foreclosure and that said Defendant has no legal standing to institute or maintain foreclosure on the Property.

11) Plaintiffs have no adequate or alternative remedy at law with reference to the relief requested herein.

12) As set forth above, Defendant U.S. Bank Association does not possess the requisite legal rights to foreclose on the Property.

13) As set forth above, Defendant U.S. Bank Association has provided no evidence that it has full legal interest in and title to the Mortgage, and has provided no evidence that it has any interest in the Note.

14) The declaration by this Court that Defendant U.S. Bank Association has no legal right and cannot satisfy the legal standing requirements to institute and maintain a foreclosure is proper subject matter for declaratory relief.

15) As set forth above, Defendant U.S. Bank Association, as the alleged foreclosing party, was not a party to the original mortgage contract documents; was not named as a payee in the Note; and has failed to demonstrate any valid assignment of either the Mortgage or the Note, and is thus legally precluded from instituting or maintaining a foreclosure.

16) As set forth above, Defendant Green Tree Servicing is only the servicer of the Note, and as such cannot institute or maintain a foreclosure proceeding either directly or indirectly as agent of Defendant U.S. Bank Association.

WHEREFORE, Plaintiffs demand that the court adjudge:

that Defendant U.S. Bank Association has no legal standing or the proper legal or equitable interest in either the Note or Mortgage to institute or maintain a foreclosure; and

that the attempt by Defendant U.S. Bank Association to conduct a foreclosure sale of the Property is legally defective and precluded from enforcement; and

that the Plaintiffs recover their costs as provided by law.

*[signature]*

Nana Tchienkou

Dated this 21st Day of May, 2010.

Respectfully submitted,

*[signature]*

Nana Tchienhou

4000 Tompkins Drive

Charlottesville, VA 22911

Telephone: (434) 806-3370

BRETT WELLMAN
NOTARY PUBLIC
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES DEC. 31, 2014
COMMISSION # 7320425

City of Charlottesville
May 21, 2010