IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| NANA TCHIENKOU,<br>         *Plaintiff,*<br><br>   v.<br><br>NET TRUST MORTGAGE, ET AL.,<br>         *Defendants.* | CASE NO. 3:10-cv-00023<br><br><br>ORDER<br><br><br>JUDGE NORMAN K. MOON |

  This matter is before the Court upon the Suggestion of Bankruptcy of Defendant Net Trust Mortgage LLC (hereinafter "Net Trust"), which was received, but not filed, by the Clerk of the Court at the direction of the Court on July 27, 2010, and *sua sponte*, upon the Court's own motion.

  Net Trust, by and through its counsel (who are members of the Florida bar) sought to file the aforementioned Suggestion of Bankruptcy with the Clerk of the Court. Counsel for Net Trust have not been duly admitted to practice before this Court, nor have counsel moved for admission *pro hac vice*. Rule 6(e) of the Local Rules for the Western District of Virginia provides as follows:

> No pleading, notice, or other paper required to be signed by counsel shall be accepted for filing by the Clerk unless signed by a member of the bar of this Court, who shall have entered an appearance of record in the case, with the address where notice can be served upon the attorney, and which attorney is deemed to have such authority that the Court can deal with the attorney alone in all matters affecting the disposition of the case.

  Questions about the proper form of a Suggestion of Bankruptcy, such as whether it is a "pleading, notice, or other paper required to be signed by counsel," and consequently whether counsel for Net Trust were required to move the Court for admission *pro hac vice* prior to its

docketing, may not have given the Court pause if it was clear that a mandatory stay of this action against Net Trust under 11 U.S.C. § 362 was in effect, as Net Trust has claimed. It is not.

Net Trust states that, "pursuant to § 362 of the Bankruptcy Code, an automatic stay is in effect," because "on September 10, 2008 [Net Trust] filed a voluntary Chapter 7 petition in the United States Bankruptcy Court for the Southern District of Florida, Case Number 08-23140-EPK." Also in support thereof, Net Trust argues that the bankruptcy proceedings "have not been dismissed," and that "the claim of the Plaintiff in this cause is founded upon a claim which a discharge in bankruptcy would release; that the right to discharge has not been determined by the Court, nor lost nor waived." Net Trust is careful to note that its submission of the Suggestion of Bankruptcy "does not constitute an appearance of the undersigned counsel on behalf of the Debtor in the above styled proceeding."

Section 362 of the Bankruptcy Code, to which Net Trust refers, provides that the mandatory stay of other litigation against a debtor in Bankruptcy Court "continues until the earliest of --- (A) the time the case is closed; (B) the time the case is dismissed; or (C) if the case is a case under Chapter 7 of this title concerning an individual, or a case under Chapter 9, 10, 11, 12, or 13 of this title, the time a discharge is granted or denied." 11 U.S.C. § 623(c)(2). *See also Maritime Elec. Co. Inc. v. United Jersey Bank*, 959 F.2d 1194, 1206 (3d Cir. 1992) ("Once triggered, the automatic stay of an action pending against the debtor in district court 'continues until the bankruptcy case is closed, dismissed, or discharge is granted or denied, or until the bankruptcy court grants some relief from the stay.'" (quoting *Pope v. Manville Forest Prods. Corp.*, 778 F.2d 238, 239 (5th Cir. 1985))).

It appears that Net Trust takes the position that there is a right to discharge that has not yet been adjudicated by the Bankruptcy Court, and therefore the mandatory stay of litigation is still in place. The Court finds Net Trust's assertion to be without merit.

A review of the docket of the Chapter 7 proceeding to which Net Trust refers in the United States Bankruptcy Court for the Southern District of Florida (08-23140-EPK) plainly reveals that the case was closed as of May 28, 2009. Under 11 U.S.C. § 623(c)(2), this event would have terminated the mandatory stay of litigation against Net Trust.

Proceeding *arguendo* to Net Trust's assertion that there is a "right to discharge [that] has not been determined by the Court, nor lost nor waived," however, the Court notes that Net Trust Mortgage LLC filed a voluntary petition under Chapter 7, which is a corporate entity, and not an individual, for purposes of 11 U.S.C. § 623. Therefore, the third potential event causing the termination of the mandatory stay under 11 U.S.C. § 623(c)(2) is inapplicable.

The Bankruptcy Code provides for a Chapter 7 discharge only for an individual. *See* 11 U.S.C. § 727(a) ("The court shall grant the debtor a discharge unless -- (1) the debtor is not an individual."); *see also In re Three Seas Realty II, LLC*, No. 10-948, 2010 WL 2857598, at *5 (Bankr. N.D. Iowa, July 19, 2010) (noting that "the Debtor, as a limited liability company, would not receive a discharge in a Chapter 7 case"); *In re Charles Edwards Enter., Inc.*, 344 B.R. 788, 790 (Bankr. N.D. W.Va. 2006) ("Corporations are not individuals entitled to receive a discharge under Chapter 7 of the Bankruptcy Code."); *In re Bishop*, 276 B.R. 737, 744 (Bankr. W.D. Va. 2001) (stating that "a corporation does not obtain a discharge in a Chapter 7 bankruptcy proceeding"). The docket for Net Trust's bankruptcy proceeding in Florida reflects this proposition with the designation: "*Debtor disposition:* Discharge Not Applicable." Therefore, no matter which prong of

11 U.S.C. § 623(c)(2) the Court refers to, the mandatory stay of proceedings against Net Trust is not in effect.

Should counsel for Net Trust argue that because it has undergone Chapter 7 bankruptcy proceedings and therefore has no assets with which to satisfy any potential judgment against it resulting from this litigation, the Court notes that this argument has been rejected. *Cf. N.L.R.B. v. Better Bldg. Supply Corp.*, 837 F.2d 377, 379 (9th Cir. 1988) (in response to the argument that "Section 727 excludes corporate debt from discharge [ ] because after Chapter 7 proceedings, a corporation has no assets and does not exist," the court held that "Chapter 7 proceedings cannot dissolve a corporation," and that in adopting Section 727(a)(1), "Congress intended that corporate debt would survive Chapter 7 proceedings and be charged against the corporation when it resumed operations").

Accordingly, the Suggestion of Bankruptcy submitted by Net Trust has not established to the satisfaction of the Court that there is a mandatory stay of litigation in effect pursuant to Section 362 of the Bankruptcy Code.

In light thereof, and in light of the requirements of the Local Rules of the United States District Court for the Western District of Virginia concerning the signing and admission requirements for attorneys not admitted to practice before this Court, it will be and hereby is ORDERED as follows:

(1) The Clerk of the Court is hereby directed to hold, but not docket, Net Trust's Suggestion of Bankruptcy for ten (10) days following the issuance of this Order.

(2) *During this ten (10) day period*, should counsel for Net Trust be admitted to practice before this Court in accordance with the Local Rules, the Clerk of the

Court shall docket said Suggestion of Bankruptcy, and the Court will expeditiously consider additional argument on the issue of a mandatory stay.

(3) *During this ten (10) day period*, should any other party make a filing that establishes to the satisfaction of the Court that there is a mandatory stay of litigation in effect as against Net Trust, the Clerk of the Court shall docket said Suggestion of Bankruptcy and the Court will proceed accordingly.

(4) If, after the conclusion of this ten (10) day period, neither of the aforementioned events should occur, the Clerk of the Court is hereby directed to return said Suggestion of Bankruptcy to counsel for Net Trust.

Furthermore, counsel for Net Trust are hereby ADVISED that without a determination by the Court that there is a mandatory stay of litigation in place against Net Trust, failure to appropriately and timely respond to the Complaint, as required under the Federal Rules of Civil Procedure and the Local Rules of the Western District of Virginia, will potentially result in the entry of default judgment. Nothing in this Order shall in any way modify or extend the time in which Net Trust must respond under the rules.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record, to Plaintiff, and to counsel for Net Trust at the address contained in said Suggestion of Bankruptcy.

Entered this 28th day of July, 2010.

*signature*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE